UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00250-TBR


MARY BARNETT                                                          Plaintiff

v.

MV TRANSPORTATION, INC.                                              Defendant


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Mary Barnett's Motion to Amend Her Complaint, (Docket No. 8), and Motion to Remand, (Docket No. 9). Defendant MV Transportation, Inc., has responded in opposition to both Motions, (Docket No. 12), and Plaintiff has replied, (Docket No. 13). These matters now are ripe for adjudication. For the reasons that follow, Plaintiff's Motions both will be DENIED.


BACKGROUND

Plaintiff originally filed this action in Jefferson Circuit Court on June 17, 2013, alleging injuries from a slip-and-fall accident while she was attempting to board a bus operated by Defendant. (*See* Docket No. 1-2, at 2.) In her initial Complaint, Plaintiff states a single claim of negligence against Defendant, asserting that "Defendant, by and through its agents and/or employees negligently performed their duties in transporting, loading and/or unloading the Plaintiff into their vehicle." (Docket No. 1-2, at 2.) Plaintiff subsequently filed an Amended Complaint on February 19, 2014. (Docket No. 1-2, at 6.) This Amended Complaint did not differ in substance from the initial Complaint and appears only to have amended the proper agent for service of process.

(*Compare* Docket No. 1-2, at 2-3, *with* Docket No. 1-2, at 6-7.)  The Complaint and summons were not served on Defendant until February 24, 2014.  Defendant, a California corporation with its principal place of business in Texas, timely filed a notice of removal on March 14, 2014, invoking this Court's diversity jurisdiction.  (Docket No. 1.)

In her instant Motion to Amend Her Complaint, Plaintiff seeks to add as a defendant Ms. Joyce McEwing, the driver of the bus.  (Docket No. 8.)  Plaintiff states that Ms. McEwing was identified in the initial Complaint as "an agent or employee of Defendant," and that it was not until recently that Ms. McEwing's identity was discovered.  (Docket No. 8, at 1.)  Like Plaintiff, Ms. McEwing is a resident of Kentucky.  (*See* Docket No. 9, at 1.)  Plaintiff's Motion to Remand, which was filed concurrently with her Motion to Amend Her Complaint, seeks to have this action remanded to Jefferson Circuit Court on the sole basis that the addition of Ms. McEwing destroys this Court's diversity jurisdiction.  (Docket No. 9.)

## DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court . . . embracing the place where such action is pending."  28 U.S.C. § 1441(a).  A federal district court has original diversity jurisdiction over an action between citizens of different states and where the amount in controversy exceeds $75,000, exclusive of interest and costs.  *Id.* § 1332(a).  Diversity jurisdiction requires complete diversity, meaning that no plaintiff and no defendant are citizens of the same state.  *See U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th

Cir. 1992).  There is no dispute here that there is complete diversity, at least with respect to Plaintiff's initial Complaint, nor is there any dispute whether the amount-in-controversy threshold is satisfied.  Generally, whether to permit leave to amend a pleading is governed by Federal Rule of Civil Procedure 15, which provides that beyond twenty-one days after the defendant files its answer,[1] "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  The decision whether to permit amendment is committed to the discretion of the Court.  *See, e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32 (1971); *Estes v. Ky. Util. Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980).  The principal issue now before the Court is whether to grant Plaintiff leave to amend her Complaint when doing so would destroy this Court's diversity jurisdiction.

Congress has provided for circumstances such as those here where a party seeks to add, by way of an amended complaint, a nondiverse defendant whose joinder would destroy the diversity:  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable."  *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008) (quoting *Harmon v. McCreary*, 2007 WL 4163879, at *3 (E.D. Ky. Nov. 20, 2007)); *see also Lynch v. Lear Seating Corp.*, 2001 WL 1774429, at *1 (W.D. Ky. Aug. 23, 2001) ("Essentially,

---

[1] Defendant filed its Answer on March 14, 2014.  (Docket No. 5.)  Plaintiff filed her Motion to Amend Her Complaint twenty-five days thereafter on April 8, 2014.  (Docket No. 8.)

joinder of a nondiverse party after removal is permissible if such joinder would be fair." (citing *Jones v. Woodmen Accident & Life Co.*, 112 F. Supp. 2d 676, 680 (N.D. Ohio 2000))).

Courts in this Circuit use a four-factor test to determine whether diversity has been defeated under § 1447(e): "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors." *E.g.*, *Premium Fin. Grp., LLC v. MPVF LHE Lexington LLC*, 2014 WL 112308, at *4 (E.D. Ky. Jan. 9, 2014); *Bridgepointe Condominiums, Inc. v. Integra Bank Nat'l Ass'n*, 2009 WL 700056, at *2 (W.D. Ky. Mar. 13, 2009); *Deutsche Bank*, 571 F. Supp. 2d at 823; *Siedlik v. Stanley Works, Inc.*, 205 F. Supp. 2d 762, 765 (E.D. Mich. 2002). "The first factor 'appears to be of paramount importance.'" *Bridgepointe*, 2009 WL 700056, at *2 (quoting *Deutsche Bank*, 571 F. Supp. 2d at 824); *accord J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F. Supp. 2d 613, 618 (E.D. Mich. 2005) ("These factors [. . .] are intended to answer the ultimate question whether the primary purpose of the proposed joinder is to oust the case from the federal forum."); *Boyd v. Diebold, Inc.*, 97 F.R.D. 720, 723 (E.D. Mich. 1983) ("In cases where joinder will necessitate a remand to state court, the Court should pay particular attention to the motive underlying the plaintiff's motion to amend.").

This four-factor test is intended to aid the Court in determining whether a motion to amend has been filed for an improper purpose. *Deutsche Bank*, 571 F. Supp. 2d at 824; *J. Lewis Cooper*, 370 F. Supp. 2d at 618. Accordingly, the proper analysis

under § 1447(e) "is necessary to prevent amendments motivated simply by the plaintiff's desire to return to state court, as opposed to a desire to add a party whose presence is needed to secure complete relief." *Mackey v. J.P. Morgan Chase Bank, N.A.*, 786 F. Supp. 2d 1338, 1340 (E.D. Mich. 2011) (citations omitted).

Defendant posits that "the issue presented by Plaintiff's Motion to Amend is not whether Ms. McEwing was 'fraudulently joined' or if there was a colorable cause of action against her, but whether this Court should exercise discretion to permit Plaintiff to purposefully destroy this Court's vested jurisdiction through the expedient of an amended complaint." (Docket No. 12, at 3.) In vigorously opposing Plaintiff's Motions, Defendant argues that each of the four factors weigh against granting Plaintiff leave to amend her Complaint.

### Motive for Seeking Joinder

As to the first factor—the extent to which the purpose of the amendment is to defeat federal jurisdiction—Defendant states that "Plaintiff cannot argue in good faith that adding Ms. McEwing to this action was not for the purpose of destroying this Court's diversity jurisdiction." (Docket No. 12, at 5.) Defendant also states that it "accepts *respondeat superior* responsibility for any damages caused by its employee." (Docket No. 12, at 2.) In this vein, Defendant insists that "[t]here is no other plausible reason . . . to add a party from whom no claim of responsibility or liability has previously been made and whose employer has accepted defense of the case and stands responsible for any recovery." (Docket No. 12, at 5.) Plaintiff denies that her Motion seeking to add Ms. McEwing as a defendant was made for the purpose of destroying diversity. (*See* Docket No. 13, at 4.)

Despite Plaintiff's averment to the contrary, there is much to suggest that the purpose of Plaintiff's proposed amendment is to defeat federal jurisdiction. The fact that Plaintiff's Motion to Amend was filed contemporaneously with her Motion to Remand, the sole basis of which is lack of diversity, compels an inference that the purpose of amending her Complaint is to divest this Court of jurisdiction. *See McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F. Supp. 2d 258, 264 (E.D.N.Y. 2009) (finding where "[t]he amended complaint was filed contemporaneously with [the plaintiff's] motion to remand" that "[t]he inference is all but compelled that the complaint was amended with the deliberate purpose of divesting this Court of jurisdiction"). *Cf. Lynch*, 2001 WL 1774429, at *2 (concluding that a plaintiff's motivation was to defeat federal jurisdiction where he "filed his motion to amend almost immediately after [the defendant] filed its motion for summary judgment").

Additionally, the fact that Defendant does not contest *respondeat superior* liability for Ms. McEwing's alleged negligence undermines any argument that Ms. McEwing is a necessary party in whose absence Plaintiff could not obtain complete and adequate relief. *See Mackey*, 786 F. Supp. 2d at 1340 (noting that courts must determine whether a proposed amendment was "motivated simply by the plaintiff's desire to return to state court, as opposed to a desire to add a party whose presence is needed to secure complete relief"). In *Lynch v. Lear Seating Corp.*, this Court, addressing an analogous scenario, denied the plaintiff's motion to amend his complaint to name a nondiverse defendant where doing so was unnecessary for the plaintiff to obtain complete relief. 2001 WL 1774429 (W.D. Ky. Aug. 23, 2001). Lynch sued Lear Seating Corporation (Lear) in state court for failure to honor the settlement of a

worker's compensation claim, and Lear removed on the basis of diversity. The on-site adjuster for Lear's worker's compensation claims testified in her deposition that she was actually an employee of D&J Associates (D&J), a company that had contracted with Lear to provide an on-site claims adjuster. Lynch thereafter sought leave to file an amended complaint naming D&J as a defendant, arguing that D&J was liable as the adjuster's employer. The joining of D&J would have destroyed diversity. *Id.* at *1. In his proposed amended complaint, Lynch nonetheless maintained that the adjuster was acting within the scope of her responsibilities as an agent for Lear. The Court denied Lynch's motion to amend his complaint, finding that "the motion appears to have been filed for the purpose of defeating federal jurisdiction." *Id.* at *2. The Court reasoned that "regardless of the employment relationship between [the adjuster] and D & J, it is clear that D & J's joinder is unnecessary for Lynch to obtain complete relief for the injuries he alleges." *Id.* at *2. As was the case in *Lynch*, it is clear here that the joinder of Ms. McEwing is not necessary for Plaintiff to obtain complete and adequate relief, given that any judgment that might be obtained against Ms. McEwing would ultimately be satisfied by Defendant.

Accordingly, the Court concludes that this first factor weighs against granting Plaintiff's Motion to Amend Her Complaint.

### Timeliness of Motion to Amend

As for the second factor, the Court is satisfied that Plaintiff was not dilatory in seeking to amend her Complaint. Thus, this factor does not weigh against her in the Court's analysis.

**Risk of Prejudice**

The third factor—whether the plaintiff will be significantly prejudiced if amendment is not allowed—does not weigh in favor of granting Plaintiff's Motion. Plaintiff argues that naming Ms. McEwing as a defendant is necessary so that Ms. McEqing "can be compelled to appear and to testify in the trial of this matter." (Docket No. 13, at 5.) Plaintiff also argues that she will be prejudiced if not allowed to amend her Complaint because "a jury will know that Ms. McEwing is actually the agent or employee who caused the harm to the Plaintiff," insisting that "her testimony should be viewed in the light of a Defendant in this case and not merely as that of a fact witness." (Docket No. 13, at 5.) Neither argument is persuasive. In regard to Plaintiff's first argument, there is nothing to suggest that Ms. McEwing is beyond the subpoena power of this Court and could not be compelled to appear and testify. Plaintiff's second argument essentially suggests that a jury could not appropriately consider Ms. McEwing's testimony were she not named as a defendant. This argument is unpersuasive and in no way establishes that Plaintiff will be significantly prejudiced if amendment is not allowed. Moreover, Plaintiff's proposed claim against Ms. McEwing is identical to her claim against Defendant, and there is nothing to suggest that Defendant would be incapable of satisfying any judgment against it. Thus, this third factor does not weight in favor of granting Plaintiff leave to amend her Complaint.

**Other Equitable Considerations**

The fourth factor—other equitable considerations—also weighs against granting Plaintiff's Motion. One such consideration is whether Ms. McEwing should be haled into this Court to respond to Plaintiff's Complaint, when doing so would offer little if

any benefit to Plaintiff's case but would certainly destroy this Court's jurisdiction. Another is Defendant's interest in defending this action in a federal forum. *See In re Bridgestone/Firestone, Inc., ATX, ATX II*, 129 F. Supp. 2d 1202, 1206-07 (S.D. Ind. 2001) ("Cases examining questions of joinder and remand emphasize that defendants have 'a significant interest in proceeding in a federal instead of an out of state forum.'" (quoting *Hart v. Dow Chem.*, 1997 WL 627645, at *6 (N.D. Ill. Sept. 30, 1997))); *Sexton v. G & K Services, Inc.*, 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999) ("Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes."). *Cf. Deutsche Bank*, 571 F. Supp. 2d at 824 ("The [plaintiff's argument] is premised on its erroneous belief that it has an enduring right to litigate this case in state court, federal removal statutes notwithstanding. It has no such entitlement.").

## CONCLUSION

The balance of equities compels the conclusion that Plaintiff should not be permitted to amend her Complaint to add Ms. McEwing and that this case should not be remanded to state court. The Court's conclusion is buttressed by the fact that courts place special emphasis on the first factor, which considers the plaintiff's motives for seeking amendment. In spite of Plaintiff's insistence that the purpose of amending her Complaint is not to defeat federal jurisdiction, the circumstances particular to this case strongly suggest otherwise.

Therefore, having considered Plaintiff's Motions and being otherwise sufficiently advised, for the foregoing reasons;

IT IS HEREBY ORDERED that Plaintiff Mary Barnett's Motion to Amend Her Complaint, (Docket No. 8), and Motion to Remand, (Docket No. 9), are DENIED.

Pursuant to the Court's Order of April 9, 2014, (Docket No. 11), this matter remains set for a telephonic status/scheduling conference on June 18, 2014, at 9:00 a.m. (EDT).

IT IS SO ORDERED.

Date:


cc:     Counsel